UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

ANDREW J. VIBBERT,

                                        Petitioner,

                v.                                                09-CV-506
                                                                  (GTS/DRH)

SUPERINTENDENT,

                                        Respondent.
-----------------------------------------------------------------

APPEARANCES:                              OF COUNSEL:

ANDREW J. VIBBERT
Petitioner Pro Se
The Chapel House
86 Franklin Street
Auburn, New York 13021

HON. ANDREW M. CUOMO                      ASHLYN H. DANNELLY, ESQ.
Attorney General for the State           Assistant Attorneys General
   of New York
Attorney for Respondent
120 Broadway
New York, New York 10271

DAVID R. HOMER
U.S. MAGISTRATE JUDGE

### REPORT-RECOMMENDATION AND ORDER[1]

        Petitioner pro se Andrew J. Vibbert ("Vibbert") is currently released on

parole from the custody of the New York Department of Correctional Services

(DOCS).  Dkt. Nos.1 at 2, 11.[2]  Vibbert pleaded guilty to two counts of grand

---

        [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

        [2]Vibbert was incarcerated at the time he filed the petition.  Dkt. No. 1 at 2.  He
was released on parole on August 3, 2009.  See DOCS website - Inmate Information
(visited Mar. 24, 2010)  <http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ2/
WINQ120>; Dkt. No. 11.  According to the information on the DOCS website, Vibbert
remains under parole supervision until 2013.  Id.  Accordingly, notwithstanding his

arceny in Cayuga County Court on December 8, 2005.  Dkt. No.10-2, Ex. A at 2, 13-14.  On January 26, 2005, Vibbert was sentenced as a second felony offender, to an aggregate indeterminate prison term of four to eight years.  Dkt. No. 10-3, Ex. B at 9.  Vibbert now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that: 1) his plea allocution was insufficient to support a conviction; 2) he did not enter the guilty plea knowingly; and 3) his counsel provided ineffective assistance at the time of the guilty plea.  Dkt. No. 1 at 4, 7.  For the reasons which follow, it is recommended that the petition be denied.

## I. Background

From March through May, 2005, Vibbert issued multiple fraudulent checks to various individuals and businesses in Cayuga County.  Dkt. No. 10-4, Ex. C at 25-45.  Between March 27 and 29, 2005, Vibbert wrote more than $1,200 of those checks to a local Walmart.  Dkt. No. 10-2, Ex. A at 6, 12-13.  Additionally, after receiving a check for $100 from a church in Auburn, Vibbert used the routing and account numbers from the church's checking account to pay a cell phone bill in the amount of $368.13.  Id. at 13-14; Dkt. No. 10-9, Ex. H at 28.

---

release on parole, Vibbert retains the standing to bring this habeas action.  See Jones v. Cunningham, 371 U.S. 236, 243 (1963) (holding that prisoner on parole subject to conditions significantly restraining his freedom is in "custody" of parole board for purposes of habeas challenge); United States v. Kelly, __ F.3d __, 2010 WL 726537, at *2 (2d Cir. Mar. 3, 2010) (citing Jones v. Cunningham).

On December 8, 2005, Vibbert waived indictment and pleaded guilty pursuant to a plea agreement to two counts of grand larceny in violation of New York Penal Law § 155.30(1),(10)[3] and on January 26, 2006, was sentenced, as indicated above.  Dkt. No. 10-2, Ex. A at 2-3, 6-7; Dkt. 10-3, Ex. B at 5, 9. Vibbert filed separate appeals for the two informations.  The Appellate Division affirmed his convictions and the New York State Court of Appeals denied leave to appeal.  Dkt. No. 10-6, Ex. E at 2; Dkt. No. 10-8, Ex. G at 3; see also People v. Vibbert, 48 A.D.3d 1091 (4th Dep't), lv. denied, 10 N.Y.3d 772 (2008); People v. Vibbert, 38 A.D.3d 1259 (4th Dep't), lv. denied, 10 N.Y.3d 817 (2008).  On February 24, 2009, Vibbert's N.Y. C.P.L. § 440.10 motion to vacate the judgments of conviction was denied.  Dkt. No. 10-18, Ex. Q; Dkt. No. 10-14, Ex. M at 2.  Vibbert did not seek leave to appeal the denial of this motion.   Dkt. No. 1 at 5.  This action followed.


## II. Discussion

Vibbert's petition here challenges his conviction and sentence on only one of the two informations to which he pleaded guilty.  Vibbert challenges only the conviction, for using the routing and account numbers from the church's checking account to pay his cell phone bill.  Dkt. No. 1 at 4.


### A. Exhaustion of State Court Remedies

---

[3]The two charges were made on two separate informations.  Dkt. No. 10-3, Ex. B at 5.

An application for a writ of habeas corpus may not be considered until the prisoner has exhausted all remedies available in state court.  28 U.S.C.A. § 2254(b).  The exhaustion requirement is not satisfied unless the federal claim has been "fairly presented" to the state courts.  Id. § 2254(b)(c).  It is well settled that "the exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  Coleman v. Thompson, 501 U.S. 722, 731 (1991)(citing Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 490-91 (1973)).  A petitioner may present the issues in federal constitutional terms by: 1) directly citing to the Constitution; 2) relying on federal case law which employs a constitutional analysis; 3) relying on state cases "employing constitutional analysis to a similar fact pattern;" 4) asserting the claim in terms calling to mind a specific Constitutionally protected right; or 5) presenting a fact pattern similar to constitutional litigation.  Daye v. Att'y Gen., 696 F.2d 186, 194 (2d Cir. 1982).

First, Vibbert failed to properly present his constitutional complaints. Vibbert's current habeas claim that the plea allocution was insufficient to support a conviction is unexhausted. Although Vibbert's claim was raised in both his Appellate Division brief and in his application for leave to appeal to the Court of Appeals, he did not do so in constitutional terms.  Dkt. No. 10-9, Ex. H; Dkt. No. 10-12, Ex. K.   Not only did Vibbert rely solely on state law, which did not employ constitutional provisions, he never cited to the Constitution nor asserted a constitutionally protected due process right.  Id.  Additionally, Vibbert did not claim any recognized constitutional right surrounding the sufficiency of his plea

4

allocution.  Therefore, petitioner's current federal claim that his plea allocution is insufficient to establish guilt is unexhausted.

Furthermore, Vibbert's remaining habeas claims are entirely unexhausted. Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also 28 U.S.C. § 2254.  Vibbert failed to allege in state court that his guilty plea was entered unknowingly or that his counsel provided ineffective assistance in connection with the plea agreement. See Dkt. No. 10-9, Ex. H; Dkt. No. 10-12, Ex. K.

To the extent Vibbert attempted to raise federal claim surrounding the adequacy of his plea, they were addressed for the first time in a motion to vacate under C.P.L. § 440.10.  Dkt. No. 10-17, Ex. P at 5; Dkt. No. 10-13, Ex. M at 2. The County Court denied Vibbert's motion to vacate because the contentions were not raised on direct appeal and the court found them to be "meritless."  Id.; see also N.Y. Crim. Proc. § 440.10(2)(c) (petitioner cannot raise his claims for the first time in a motion to vacate the conviction under C.P.L. § 440.10, which bars collateral review of claims that could have been raised on direct appeal, unless he establishes cause for the default or actual innocence).  Vibbert did not seek leave to appeal this decision to the Appellate Division.  "Exhaustion of

available state remedies requires presentation of the claim to the highest state court from which a decision can be had." Daye, 696 F.2d at 190 n.3 (citations omitted). Vibbert did not present his claim to the highest state court which may have rendered a decision and, therefore, his claims are unexhausted.

Vibbert's appeal was on the grounds that his plea allocution was insufficient to establish guilt. By filing a subsequent direct appeal without raising the issue of the voluntariness of his plea or the effectiveness of his counsel, he chose to forgo using the opportunity to raise his constitutional claims. Therefore, remedies in New York State courts are no longer available because '[petitioner] has already taken his one direct appeal, and [his] claim is procedurally barred from consideration in a collateral attack on his conviction.'" Jimenez v. Walker, 458 F.3d 130, 149 (2d Cir. 2006) (citations omitted). Although he had the option, Vibbert did not apprise the court of his constitutional claims. Therefore, any additional attempt to appeal would be foreclosed.

Vibbert is also precluded from petitioning in state court to review his claims under either a writ of error coram nobis or a petition for habeas corpus.[4] To the extent it can be said that Vibbert raised his claims of an involuntary guilty plea and ineffective assistance of counsel in a § 440.10 motion, he failed to raise

---

[11] It is well settled that "an application for a writ of habeas corpus is not the appropriate vehicle for claims which could have been raised on direct appeal." People ex rel. Funches v. Walsh, 851 N.Y.S.2d 666, 667 (App. Div. 2008) (citing People ex rel. Flax v. Donelli, 843 N.Y.S.2d 470 (App. Div. 2007)).

those contentions on direct appeal. Therefore, his claims are procedurally defaulted.  See Bousley v. United States, 523 U.S. 614, 622 (1998) (explaining that "procedural[] default [occurs to] a claim by failing to raise it on direct review . . . ").

Because state remedies are no longer available to Vibbert, his claims are deemed exhausted and the claims are procedurally barred.  See Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994).  The Supreme Court has held that a federal court is precluded from reviewing a question of federal law if the state court's prior denial rests on a "state law ground that is independent of the federal question and adequate to support the judgment." Coleman, 501 U.S. at 729.  "In order to preserve a challenge to the factual sufficiency of a plea allocution, a criminal defendant must either make a motion to withdraw the plea pursuant to CPL § 220.60, or make a motion to vacate the judgment under CPL § 440.10." Escalante v. Smith, No. 06-CV-1506 (LEK/RFT), 2009 WL 1405440, at *6 (N.D.N.Y. May 18, 2009) (citing People v. Lopez, 71 N.Y.2d 662, 665 (1988)). Vibbert filed the latter motion, which was denied by the Appellate Court, constituting "an independent and adequate state ground and therefore those claims are barred."  Id.  The same is true of a guilty plea.  See Snitzel v. Murry, 371 F. Supp. 2d 295, 300-01 (W.D.N.Y. 2004) (having failed to move to vacate the judgment of conviction, defendant's claim that his guilty plea was unknowingly entered was unpreserved). In New York, in order to preserve a claim that a guilty plea was unknowingly entered requires a defendant to move to

7

withdraw the plea or to vacate the judgment of conviction.  Id. at 301.  The Appellate Division's denial of Vibbert's claim constitutes an independent and adequate state ground and too is barred.

The Appellate Division held that Vibbert's challenge to his guilty plea was not preserved because at no point following his guilty plea or before his direct appeal did he seek to vacate the judgment based upon his plea allocution being insufficient.  That court's express reliance on Vibbert's failure to preserve his claim constitutes an adequate and independent state ground for its denial. Harris v. Reed, 489 U.S. 255, 265 n. 12 (1989).  Accordingly, Vibbert is barred from challenging the factual sufficiency of his plea allocution on federal habeas review, because the state rule on which the Appellate Division relied was "firmly established and regularly followed."  See Cotto v. Herbert, 331 F.3d 217, 239-41 (2d Cir. 2003). Additionally, because Vibbert failed to raise his claim that his guilty plea was unknowing in state court on direct appeal, and because review by the Court of Appeals in now unavailable, his claim is considered procedurally barred by adequate and independent state law grounds.  Jones v. Keane, 329 F.3d 290, 296 (2d Cir. 2003).  Furthermore, although Vibbert's contention that his plea was not knowingly entered "survives the waiver of the right to appeal," by failing to move to withdraw his plea or to vacate the judgment before his initial appeal, Vibbert failed to preserve his claim for federal habeas review.  People v. Peterson, 35 A.D.3d 1195, 1196 (4th Dep't 2006).  The procedural bar relied upon by the Appellate Division in this case was "firmly established and regularly

followed," and therefore constitutes an adequate state-law ground barring review of the merits of Vibbert's claim.

However, a claim deemed exhausted because of a procedural bar can be overcome if petitioner can show "cause" for the procedural default in that actual prejudice will result in his failure to raise his claims on direct appeal, or that failure to consider the claims will result in a "fundamental miscarriage of justice." Siao-Pao v. Connolly, 564 F. Supp. 2d 232, 240 (S.D.N.Y. 2008); see also 28 U.S.C.A. § 2254(b)(1).  In order to show cause for a procedural default, Vibbert must show that 1) "the factual or legal basis for a claim was not reasonably available to counsel," or (2) "the procedural default is the result of ineffective assistance of counsel." Bossett, 41 F.3d at 829.  In order to establish prejudice, Vibbert must show that an alleged constitutional error put him at a "substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982).  Further, a habeas petition may "bypass the independent and adequate state ground bar by demonstrating a constitutional violation that resulted in a fundamental miscarriage of justice," such as the introduction of new evidence of innocence. Cotto, 331 F.3d at 239 n.10 (citing Dunham v. Travis, 313 F.3d 724, 729 (2d Cir. 2002).  Such introduction would allow a federal court to reach the merits of a barred habeas claim. Schlup v. Delo, 513 U.S. 288, 316 (1995).

Here, Vibbert has failed to satisfy either prong. Vibbert makes no attempt to establish cause and prejudice sufficient to excuse his failure to appeal his claims directly. Although Vibbert alleges that he was unable to complete his

appeal because the law clerk at the prison suffered a stroke, this is insufficient to establish cause for his failure to appeal because he still had access to the law library.[5]  See Dkt. No. 1 at 5.  Accordingly, Vibbert has not demonstrated that factual or legal basis for his default was not available to him at the time of his direct appeal. The record also does not indicate that Vibbert's default was a result of ineffective assistance of appellate counsel.  As shown in this case, where no cause has been demonstrated, a court need not determine whether petitioner suffered actual prejudice.  McCleskey v. Zant, 499 U.S. 467, 502 (1991).  Further, nothing in Vibbert's habeas petition or the record here suggests that he is actually innocent or that if the court fails to consider his unexhausted claims, a "fundamental miscarriage of justice" will occur.  See Schulp, 513 U.S. at 327.

Therefore, because Vibbert failed to exhaust administrative remedies and his claims are procedurally barred, the claim are not entitled to federal review and the petition should be denied on this ground.

---

[5] The Supreme Court has held that prisons must provide either adequate law libraries or adequate assistance.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  Vibbert does not allege that he did not have access to the law library, nor does he allege that the contents of the law library were inadequate. He simply blames his failure to file an appeal on the law clerks absence and his lack of knowledge.  See Zarvela v. Artuz, No. 97-CV-2393 (RR), 1999 WL 1487595, at *2 (E.D.N.Y. Dec. 3, 1999) ("[T]he lack of access to a law clerk . . . and ignorance of the law have all been considered and rejected by courts as insufficient to demonstrate that circumstances effectively prohibited petitioner from filing in a timely manner.") (citing  Armand v. Strack, No. 98-CV- 6650, 1999 WL 167720, at *5 (E.D.N.Y. Feb. 19, 1999) (stating that lack of access to law clerks . . . [or] ignorance of the law have all been . . . rejected by courts as insufficient to demonstrate exceptional circumstances)).

**B. Merits**

**1. Sufficiency of Plea Allocution**

In order to be convicted of grand larceny for using a checking account number to pay a cell phone bill, Vibbert must have stolen an "access device" and intended to use that device unlawfully "to obtain telephone service."  N.Y. Penal Law § 155.30(10).  The statute defines "access device" as "any account number . . . that can be used to obtain telephone service."  N.Y. Penal Law 155.00(7-c).  New York Penal Law § 155.00(8) defines "[o]btain [as] includ[ing], but . . . not limited to, the bringing about of a transfer or purported transfer of property or of a legal interest therein, whether to the obtainer or another."

Vibbert claims that his plea allocution with respect to his fourth-degree grand larceny conviction under Penal Law § 155.30(10) was insufficient because he did not use an "access device" to obtain telephone service, as required by statute.  Dkt. No. 1 at 7.  The record clearly shows that Vibbert intelligently and knowingly used the church's checking account number with the intent to continuing his cell phone service.  Dkt. No. 10-1, Ex. A at 13.  This is evidenced by Vibbert's admission that he intentionally took his pastor's account number and then actually used the account number to pay his $368.13 cell phone bill.  Id.; Dkt. No. 10-9, Ex. H at 28.  Although N.Y. Penal Law § 155.30(10) requires that an access device be used, it does not require that the use of such device result in obtaining telephone services. It requires only that Vibbert "use" the device

11

with [the] intent to unlawfully obtain [such] services." N.Y. Penal Law § 155.30(10).[6] Thus, Vibbert's intentional and fraudulent use of the pastor's account to satisfy his outstanding cell phone bill and continue to receive phone services is sufficient under the Penal Law.

Therefore, the petition on this ground should be denied.

## 2. The Guilty Plea

The ultimate question of whether a guilty plea was knowing and voluntary is a question of federal law. See Marshall v. Lonberger, 459 U.S. 422, 431-32 (1983). It is well settled that "[t]he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985). A plea of guilty is considered voluntary when entered by one fully aware of the direct consequences' of the plea. Bousley v. U.S., 523

---

[6] As a general rule, a voluntary and knowing guilty plea bars the later assertion of challenges to pretrial proceedings. Tollett, 411 U.S. at 267. The Supreme Court has consistently held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he was charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . ." Id.; United States v. Coffin, 76 F.3d 494, 498 (2d Cir. 1996). In this case, Vibbert was represented by competent counsel and knowingly and voluntarily pleaded guilty at his plea allocution hearing. See Dkt. No. 10-2, Ex. A. Therefore, Vibbert may not now argue that his plea allocution was insufficient to establish guilt, especially when Vibbert's testimony establishing the elements of New York Penal Law § 155.30(10) clearly indicates otherwise. Tollett, 411 U.S. at 267.

12

U.S. 614, 618-19 (1998)(quoting Brady v. U.S., 397 U.S. 742, 748-57 (1970));

Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988) ("[A plea] is deemed

'voluntary' if it is not the product of actual or threatened physical harm, mental

coercion overbearing the defendant's will, or the defendant's sheer inability to

weigh his options rationally").  A plea of guilty is intelligent if the defendant is 1)

advised by competent counsel, 2) in control of his mental faculties, and 3) made

aware of the nature of the charge against him.  Id.; Miller, 848 F.2d at 1320 ("[A]

plea is deemed 'intelligent' if the accused had the advice of counsel and

understood the consequences of his plea, even if only in a fairly rudimentary

way").  Thus, a guilty plea is knowingly, intelligently, and voluntarily entered,

when the court has advised the defendant of the consequences of the plea and

conducted a sufficient inquiry to assure itself that defendant plead guilty because

he was actually guilty.

      Here, Vibbert's claim that his plea was not voluntary and knowing are

belied by the record and contrary to his express representations at the plea

allocution.  See Dkt. No. 10-3, Ex. B at 8-9.  As held by the Second Circuit, "[a]

criminal defendant's self-inculpatory statements made under oath at his plea

allocution carry a strong presumption of verity and are generally treated as

conclusive in the face of the defendant's later attempt to contradict them."

Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999) (internal quotation

marks and citations omitted).  The record reveals that Vibbert entered his plea of

guilty knowingly, voluntarily, and intelligently, after having reached a favorable

plea bargain with the assistance of competent counsel.  See Dkt. No. 10-4, Ex. C at 57.  In fact, because the agreement resolved an outstanding number of larceny offenses for issuing bad checks, it is apparent that his plea represents a voluntary and intelligent choice among the alternative courses of action.  See Dkt. No. 10-2, Ex. A at 2, 5.  Thus, such statements represent a conclusive plea allocution for purposes of the present motion.

As demonstrated by the record, Vibbert's plea was voluntary because he was fully aware of the direct consequences of his plea.  See Dkt. 10-2, Ex. A. Vibbert failed to allege that his guilty plea was a result of mental coercion, threat of physical harm, or his inability to weigh his options rationally.  Id.  Further, Vibbert's plea was intelligent and knowing because he was 1) advised by counsel, 2) in control of his mental facilities,[7] and 3) made aware of the nature of the charges against him.  Id.  At his plea hearing, Vibbert stated that he understood that he was charged with grand larceny in violation of Penal Law §

---

[7] Although the details are not fully discussed, the record indicates that due to a mental health diagnosis, Vibbert was to receive $666 per month in Supplemental Security Income ("SSI").  Dkt. No. 10-4, Ex. C at 8.  Vibbert was diagnosed with a personality disorder and a social disorder and had previously received treatment at Unity Health Systems while he lived in Rochester.  Dkt. No. 10-9, Ex. H at 11. However, Vibbert's responses at his plea allocution established that he understood the nature of the charges against him and the implications of pleading guilty.  See Dkt. 10-2, Ex. A at 3, 6.  Further, the court fulfilled its obligation to ensure that Vibbert fully understood the nature of the charges and the consequences of his plea.  See id. at 7. Vibbert makes no assertion that he was under the influence of medication at the time of his guilty plea.  See United States v. Hoffenberg, 169 F.R.D. 267, 275-76 (S.D.N.Y.) holding that the Court fulfills its obligation of ensuring the mental competency of a defendant through questioning about his present state of mind, level of comprehension, and use of drugs, prescribed or otherwise).

155.30(10) for using the church's checking account number to pay his $368.13 cell phone bill.  Id. at 3,6.  Upon extensive questioning by the court, Vibbert indicated that he was advised by council and understood the terms of the negotiated plea agreement and the nature of the charges.  Id. at 7.  He also stated that he wished to plead guilty and in return understood that he was giving up some of his constitutionally protected rights.  Id. at 7-8.  Vibbert signed a waiver of his right to be indicted by a grand jury and indicated that he had discussed the indictment waiver with his counsel and fully understood the purpose of the waiver.  Id. at 3-5.

As indicated in the record, the court explained to Vibbert that upon his plea of guilty and in accordance with the plea agreement, he faced up to four years imprisonment which could be enhanced based on his second felony offender status[8].  Dkt. No. 10-2, Ex. A at 9.  Vibbert affirmed that he had not been promised a specific sentence other than the maximum available, he was in fact guilty, and that his plea was voluntary and solely his decision.  Id. at 11. This is demonstrated by Vibbert's admission that "the things did happen. I did do them. . .  I did it.  I'm sorry."  Dkt. No. 10-3, Ex. B at 8-9.  Vibbert further stated that he did not have any physical or mental injuries that would interfere with his ability to enter a plea and at no point during the court's questioning indicated that

---

[8] Vibbert was previously convicted of attempted forgery and grand larceny, both felonies.  Dkt. No. 10-2, Ex. A at 10-11.

15

he did not understand the nature of the charges against him.  Dkt. No. 10-2, Ex. A at 8.  Accordingly, Vibbert is unable to demonstrate that the plea agreement was entered into unknowingly or involuntarily.

Therefore, the petition on these grounds should be denied.


### 3. Ineffective Assistance of Trial Counsel

A defendant's right to effective representation under the Sixth Amendment, imposes on counsel a duty to undertake an adequate investigation of the law and the facts.  Strickland v. Washington, 466 U.S. 668, 680 (1984).  Under federal standards, to establish ineffective assistance of counsel, a petitioner must demonstrate that counsel's (1) representation was deficient and (2) deficient performance prejudiced the petitioner.  Id. at 687.  This two-part test generally applies to challenges to guilty pleas based on ineffective assistance of counsel.  Wright v. Van Patten, 128 S. Ct.743, 746 (U.S. 2008) (citing Hill v. Lockhart, 747 U.S. 52, 58 (1985)).  The first prong requires petitioner to demonstrate that counsel's performance fell below an objective standard of reasonableness considering all the circumstances.  Strickland, 466 U.S. at 688.  There is a strong presumption that counsel "made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 690.  Under Strickland, a court is required to consider the circumstances counsel faced "at the time of the relevant conduct and to evaluate the conduct from counsel's point of view."  Davis v. Greiner, 428 F.3d 81, 88 (2d Cir. 2005) (citing

16

Strickland, 466 U.S. at 689).  To pass the second prong, petitioner must show that there is a reasonable probability that the result of the trial would have been different, "but for counsel's unprofessional errors."  Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 669.

A defense counsel has the duty to advise his client about whether a plea offer seems desirable.  Boria v. Keane, 99 F.3d 492, 497 (2d Cir. 1996) (citations omitted).  The Supreme Court has expressly extended the Strickland standards to plea agreements.  Hill, 474 U.S. at 57.  In order to prevail on a claim of ineffective assistance of counsel, defendant must establish that 1) counsel failed to give him the "benefit of counsel's professional advice on [the] crucial decision" of whether or not to plead guilty, and 2) the decision of whether to plead guilty was not the sole decision of the defendant.  Purdy v. U.S., 208 F.3d 41, 44-45 (2d Cir. 2000).  Additionally, the defense attorney should communicate the terms of the offer and "inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed."  Id. at 45 (citing U.S. v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998)). Likewise, an attorney should not coerce a client into accepting or rejecting a plea offer.  Id.

Vibbert's contention that his counsel provided ineffective assistance in connection with his plea agreement is without merit.  Dkt. No. 1 at 6.  Vibbert fails to point out anything in the record indicating that his counsel was deficient in

17

understanding the law or that he suffered prejudice because "the charges against him could have been dismissed."  Id.  In fact, there is no indication that the charges against Vibbert may have been dismissed. Vibbert's counsel negotiated a highly favorable plea agreement, which resulted in the avoidance of several long-standing criminal offenses against him.  Dkt. No. 10-1, Ex. A at 2. Because the only thing Vibbert has to offer are "vague and conclusory allegations of counsel's effectiveness [which] 'carry very little weight,'" Vibbert's claim is insufficient to form a basis for habeas relief.  Blackledge v. Allison, 431 U.S. 63, 75 (1977).

Vibbert has not met the rigorous Strickland standard by demonstrating that counsel's failure to get the charges dismissed was objectively unreasonable and created a reasonable probability that petitioner would not have received jail time but for counsel's failure to "know the Penal law," during plea negotiations. See Strickland, 466 U.S. 668.  Vibbert's allegation is belied by his own admissions during his plea allocution that he was in fact guilty, understood the terms of the plea agreement, and the nature of the charges.  Dkt. No. 10-2, Ex. A at 7; Dkt. No. 10-3, Ex. B at 8-9.

Vibbert faults counsel for not knowing the penal law during negotiations and that he suffered prejudice by signing the plea agreement. It is beyond doubt that counsel's performance was effective, in that counsel's actions were objectively reasonable and  that Vibbert was not prejudiced.  See Dkt. No. 10-2, Ex. A at 5.  In fact, because of the plea agreement arranged by counsel,

Vibbert's guilty plea resulted in the full satisfaction of "all [known] pending bad check charges and / or conceivable scheme to defraud pending in Cayuga County."   Dkt. No. 10-2, Ex. A at 2-3.  Specifically, Vibbert's plea agreement relieved him from the allegations that he had written multiple fraudulent checks, totally over fifty thousand dollars.  Accordingly, Vibbert received the benefit of counsel's professional advice, which undoubtedly benefitted him.  Vibbert concedes that counsel discussed the terms of the plea agreement with him, he fully understood the nature of the charges against him, and he was not promised a particular sentence.  Id. at 5, 9, 11.  Furthermore, Vibbert does not allege coercion on the part of counsel.  Id. at 11.  Therefore, the ultimate decision of whether to plead guilty was the sole decision of Vibbert.  Id.

For these reasons, the petition on this ground should be denied.

### III. Conclusion

For the reasons stated above, it is hereby recommended that the petition for a writ of habeas corpus be **DENIED**.

Furthermore, the Court finds that petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."); see also Slack v. McDaniel, 592 U.S. 473, 474 (2000).  Therefore, the Court recommends that no certificate of appealability should issue with respect to any of petitioner's claims.

19

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO  OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: March 26, 2010
       Albany, New York

David R. Homer
U.S. Magistrate Judge