UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANDREW J. VIBBERT,

                Petitioner,

                                                                            9:09-CV-0506
v.                                                                         (GTS/DRH)

SUPERINTENDENT,

                Respondent.
_____

APPEARANCES:                                             OF COUNSEL:

ANDREW J. VIBBERT
    Petitioner, *Pro Se*
The Chapel House
36 Franklin Street
Auburn, New York 13021

HON. ANDREW M. CUOMO                       ASHLYN H. DANNELLY, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Andrew J . Vibbert ("Petitioner") filed his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on April 6, 2009.  (Dkt. No. 1.)  By Report-Recommendation dated September 22, 2009, United States Magistrate Judge David R. Homer recommended that the petition be denied and dismissed, and that a certificate of appealability not issue.  (Dkt. No. 12.)  Petitioner has not filed Objections to the Report-Recommendation and the time in which to do so has expired.   For the reasons set forth below, Magistrate Judge Homer's Report-Recommendation is accepted and adopted in its entirety, and Petitioner's petition is denied and

dismissed.

I.     APPLICABLE LEGAL STANDARDS

   A.     Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After

---

   [1]   On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

   [2]   *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Review of Petitioner's Habeas Petition

Magistrate Judge Homer correctly recited the legal standard governing review of Petitioner's *habeas* petition. (Dkt. No. 12, at 3-10.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

## II. ANALYSIS

For the sake of brevity, the Court will not repeat the factual background of Petitioner's December 2005 conviction for grand larceny, but will simply refer the parties to the relevant portions of Magistrate Judge Homer's Report-Recommendation, which accurately recites that factual background. (Dkt. No. 12, at 2-3.)

In his petition, Petitioner claims that his conviction was improper for the following three reasons: (1) his plea allocution was insufficient to support his conviction; (2) he did not enter his guilty plea knowingly and voluntarily; and (3) he received ineffective assistance counsel at the time of his guilty plea. (Dkt. No. 1, at 2, 4-7.)

In his Report-Recommendation, Magistrate Judge Homer recommends dismissal of Petitioner's petition for two reasons: (1) Petitioner failed to exhaust his available administrative remedies before filing this action, and (2) with regard to the merits of his claim, the record indicates that (a) his conduct was sufficient to warrant a conviction for fourth-degree grand larceny under N.Y. Penal Law § 155.30(10), (b) he entered into his guilty plea knowingly and voluntarily, and (c) his counsel was not ineffective. (Dkt. No. 12, at 4-10.)

After carefully reviewing all of the papers in this action, including Magistrate Judge Homer's Report-Recommendation, the Court agrees with each of the recommendations made by

Magistrate Judge Homer.  Magistrate Judge Homer employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 12, at 11-19.)[3] As a result, the Report-Recommendation is accepted and adopted in its entirety, and Petitioner's petition is denied and dismissed in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 12) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's petition (Dkt. No. 1) is **DENIED** and **DISMISSED** in its entirety; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition as Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: May 5, 2010
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[3] The Court notes that Magistrate Judge Homer's thorough and correct Report-Recommendation would survive even a *de novo* review.